UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY LEON HALL, SR.,

           Plaintiff,

                     Case # 18-CV-6254-FPG

v.

                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

## INTRODUCTION

Anthony Leon Hall, Sr. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 16. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On March 1, 2014, Plaintiff protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 221-22. He alleged disability since March 22, 2013 due to herniated disc in his neck, pain in his back and from his hip to his foot on his right side, ulcers, a learning disability, bipolar disorder, depression, a bladder condition, and asthma. Tr. 123. On December 10, 2015 and June 19, 2016, Plaintiff and a vocational expert ("VE") testified at hearings

---

[1] "Tr. Refers to the administrative record in this matter. ECF No. 8.

1

before Administrative Law Judge Gordon M. Hamel ("the ALJ"). Tr. 47-122. On August 16, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Tr. 22-34. On January 30, 2018, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I. The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: cervical disc disease, low back pain with spondylosis, major depressive disorder, posttraumatic stress disorder, and intermittent explosive disorder. Tr. 25. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 25-28.

Next, the ALJ determined that Plaintiff retained the RFC to perform light work[2] with additional limitations. Tr. 28-31. Specifically, Plaintiff can only occasionally climb stairs, balance, stoop, kneel, crouch and crawl; cannot climb ladders and similar devices; cannot work in hazardous environments; can perform routine and repetitive tasks only; and cannot perform tasks requiring public contact or more than occasional interactions with co-workers. Tr. 28.

At step four, the ALJ found that this RFC prevents Plaintiff from performing his past relevant work. Tr. 32. At step five, the ALJ relied on the VE's testimony to determine that Plaintiff can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 32-33. Specifically, the VE testified that Plaintiff can

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

4

work as a cleaner, garment sorter, laminator, and bench hand. Tr. 33. Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act. Tr. 33-34.

**II. Analysis**

Plaintiff argues that remand is required because the ALJ violated the treating physician rule when he failed to give good reasons for rejecting the opinion of Paul P. Povanda, D.O.. ECF No. 11 at 11-16. The Court agrees.

Under the treating physician rule, the ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). Remand is appropriate if the ALJ does not provide good reasons for rejecting a treating physician's opinion. *Newbury v. Astrue*, 321 F. App'x 16, 17 (2d Cir. 2009) (summary order) (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).

When a treating physician's opinion is not given controlling weight, the ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of

5

expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6).

Dr. Povanda opined that Plaintiff can perform "less than sedentary work" and will be off task more than 33% of the workday and absent more than four days per month. Tr. 735-36. If the ALJ had accepted this opinion, he would have found Plaintiff disabled; VE testimony established that an individual is unemployable if he is off task more than 5% of the workday and absent more than one day per month. Tr. 81.

The ALJ afforded Dr. Povanda's opinion "limited weight" because he found it to be "out of proportion to the physical and mental status examination findings and the type and degree of treatment needed." Tr. 31. Without further explanation, this is the sort of conclusory statement that mandates remand. *Marchetti v. Colvin*, No. 13-CV-02581(KAM), 2014 WL 7359158, at *13 (E.D.N.Y. Dec. 15, 2014) (*quoting Ely v. Colvin*, No. 14-CV-6641P, 2016 WL 315980, at *4 (W.D.N.Y. Jan. 27, 2016)) ("[A]n ALJ may not reject a treating physician's opinion based solely on such conclusory assertions of inconsistency with the medical record."). By providing only a single, conclusory statement, the ALJ failed to address any of the relevant factors set forth above. Without more, the ALJ's rejection of Dr. Povanda's opinion does not provide either Plaintiff or the Court with good reason for doing so, and therefore remand is required.

The ALJ's error is compounded by the fact that Dr. Povanda's opinion was the only assessment of Plaintiff's physical capacity to work. Without another medical opinion to rely on, the ALJ created a gap in the record when he rejected Dr. Povanda's opinion. *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.NY. 2016) (noting that the ALJ's rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the

record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original).

The Commissioner offers several reasons why the ALJ was entitled to discount Dr. Povanda's opinion, ECF No. 16 at 16-24, but the Commissioner may not substitute her own rationale when the ALJ failed to provide one. *See Snell*, 177 F.3d 128, 134 ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted). Plaintiff is entitled to a proper analysis of Dr. Povanda's opinion and, if appropriate, good reasons why it must be rejected. Accordingly, the Court remands this matter for further administrative proceedings.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 31, 2019
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court